## Joseph Whitcomb *vs.* Joseph Higgins, Jr.

The enlistment of a minor under the age of eighteen years, into a company raised at large, is void, and to be regarded as if it had never taken place.

This was a writ of error brought to reverse a judgment of a Justice of the Peace, in favor of *Higgins*, in an action of debt brought against him by *Whitcomb*, as clerk of a company of militia in *Thorndike*, to recover a penalty for neglect to perform militia duty at a company training.

The plaintiff proved the enrolment of *Higgins* in the company, when he arrived at the age of eighteen years, and the other facts necessary to show a *prima facie* case on his part. The defendant then proved, that prior to his arriving at the age of eighteen years, he enlisted as a member of an independent company in *Thorndike*, duly organized, he having been one of the petitioners for the formation of the independent company ; that the company, within the bounds of which he resided at the time of his enlistment, contained

over forty effective privates, exclusive of conditional exempts, and two musicians; and that he had continued to do duty in the independent company until the time of the trial. No notice in writing had been given to the commanding officer of the standing company of the enlistment of *Higgins.* It was contended, that notwithstanding the enlistment, the defendant was liable to do duty in the standing company. The Justice overruled the objection, and decided that the enlistment of the defendant, before he arrived at the age of eighteen years, was a valid enlistment, voidable only by himself; and that he was thereby exempted from his liability in the standing company, although no notice had been given of the enlistment in the manner provided by the statute; and rendered judgment for the defendant.

The errors assigned alleged the ruling and decision of the Justice to have been erroneous.

*W. G. Crosby,* for the plaintiff in error, contended : —

1. The enlistment was void, because no notice was given of the enlistment to the commanding officer of the standing company, as the statute requires. *Stat.* 1824, *c.* 121, § 19.

2. The enlistment was also a nullity, because the defendant was not then eighteen years of age. *Dewey, Pet'r,* 11 *Pick.* 265.

*J. Williamson,* for the defendant, argued, that the defendant had the power to make the selection of the company in which he chose to perform militia duty, before he arrived at the age of eighteen years. *U. S. militia act,* § 4; *Comm'th* v. *Frost,* 13 *Mass. R.* 491; *Dewey, Pet'r,* 11 *Pick.* 265.

The notice is to be given to the commanding officer of the standing company, only when the private is enrolled and liable to do militia duty therein. Here the private was never liable to do duty in the standing company, and no notice was necessary. *Carter* v. *Carter,* 3 *Fairf.* 285.

The opinion of the Court was drawn up by

WESTON C. J.— The right of the defendant in error, to be exempted from military duty in the standing company, depends upon the validity of his enlistment in the independent company. The law has fixed the age of eighteen, as the period when a liabil-

ity to do military duty shall commence.   At an earlier age, the physical system is not sufficiently developed, to sustain the hardships and privations of actual service, to which the militia are liable to be subjected, at the call of their country.   We are very clear, therefore, that an enlistment under eighteen, should be regarded as a nullity.   An independent company, admitting members of a more tender age, would not have that efficiency, which the service requires.   They are equally, with other parts of the militia, subject to the paramount law of Congress, which has determined the age, when citizens shall be subject to military duty.

*Judgment reversed.*